Taft, J.,
concurring. Although I concur in the judgment, I cannot agree that shares of stock in the Carriage House Apartments, Inc., a corporation, are not “investments” within the meaning of Section 5701.06, Revised Code, which reads so far as pertinent :
“* * * ‘investments’ includes:
“(A) Shares of stocks in corporations * * * under whatever laws organized or existing, excepting: * * * [admittedly none of the “excepting” provisions describe a corporation or shares such as involved in the instant case] < < # # #
“ (C) * * * all contractual and other incorporeal rights * * * excepting:
“(1) Interests in land * *
Shares of stock in this corporation are not “merely evidences of the owners’ interests in the realty.” They are “shares of stock” in a corporation and clearly described by the words of Section 5701.06, Revised Code. After the sale by this corporation of all its shares, the shareholders, not as shareholders but as holders of leases from the corporation, will have leasehold interests in the $160,000 of real estate for 50 years *387 rent free. However, the corporation will still own the reversions after the 50-year terms of those leases. The value of those reversions will obviously increase with the passing of the years as the terms of those leases diminish; and there is no way that any shareholder can assert any ownership with respect to such reversionary interests of the corporation in such real estate except as a shareholder of and through the corporation. Certainly, no shareholder can ask for a partition of this real estate before securing a transfer from the corporation of its reversionary interests therein. It is apparent therefore that a shareholder of this corporation as such has no interest in real estate. He has an interest in real estate only by reason of his lease from the corporation.
State v. Silberberg, 166 Ohio St., 101, 139 N. E. (2d), 342, involved a question whether what was there purchased was described by the term “security” as defined in another statute which specifically said that its ‘ ‘ provisions * * * shall not apply * * * to the sale of real estate.” Under the contract there purchased, a buyer was entitled to a deed for his fractional part of the real estate upon payment of the purchase price so that that contract did in effect represent a contract for the sale of real estate, and the act was therefore by its words not applicable.
Under its agreement for the sale of a block of shares of its stock, this corporation also executes and delivers to the purchaser a 50-year lease of the apartment that he, as a holder of his block of shares, is to be entitled to occupy. This lease does not provide for the payment of any rental. Hence, it is apparent that the purchaser of a block of say 25 shares for $25,000 acquires at least two items of property, i. e., 25 shares of stock and a leasehold interest entitling him to occupy rent free for 50 years 25/160 of $160,000 worth of real estate; and that any, if not all, of the “true value in money” of what he owns by reason of his purchase will, at least at a time when all the leasehold interests have almost 50 years to run, be in his leasehold interest rather than in his shares of stock. In view of the provisions of paragraph (C) of Section 5701.06, Revised Code, quoted above, it is apparent that such a leasehold interest is not described by the term “investments” as defined by that statute.
There is nothing in this record which will justify a reason *388 able finding that the shares of this corporation had more than a nominal value. Hence, and for that reason only, the decision of the Board of Tax Appeals should be affirmed.
Bell and Herbert, JJ., concur in the foregoing concurring opinion.